IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OTIS BLAXTON,
        Petitioner,

vs.                                            Case No. 3:11cv280/MCR/CJK

EDWIN G. BUSS,
        Respondent.

---

## REPORT AND RECOMMENDATION

This cause is before the Court upon referral from the Clerk. Petitioner initiated this action on June 10, 2011, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On July 5, 2011, petitioner filed a Motion for Voluntary Dismissal. (Doc. 4). By order issued July 7, 2011, the Court clarified two issues referenced in petitioner's motion, and required petitioner to file, within ten days, a notice stating whether he still desired to dismiss this case. (Doc. 5). Petitioner was directed to file the notice within ten (10) days, and advised that failure to do so would result in a recommendation that this case be dismissed pursuant to his Motion for Voluntary Dismissal. (*Id.*). To date, petitioner has not filed the requisite notice or otherwise responded to the order.

Rule 41 of the Federal Rules of Civil Procedure provides that an action may be dismissed without an order of the court by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R.

Civ. P. Rule 41(a)(1)(A)(I).  Since the respondent has not yet been served, petitioner is automatically entitled to take a voluntary dismissal.

Accordingly, it is respectfully RECOMMENDED:

1.  That petitioner's Motion for Voluntary Dismissal (doc. 4) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE, and the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of August, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).